J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiffs Deckers Outdoor Corporation and Nike, Inc.

Vincent Lowery
29904 Euclid Avenue, Unit 4A
Wickliffe, Ohio 44092
Telephone: (216) 924-0072

Defendant, *in pro se*

FILED
CLERK, U.S. DISTRICT COURT
FEB - 4 2010
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deckers Outdoor Corporation and Nike, Inc., Plaintiffs, v. Dan Stelzer, an individual and d/b/a www.world-web-shoes.com; Ron Sagi, an individual and d/b/a Maxx Apparel; Vincent Lowery a/k/a Vance Lowery, an individual and d/b/a Gear Is Here; Aaron Kay, an individual and d/b/a AK Industries and Does 1 – 10, inclusive, Defendants. | Case No. CV09-6471 AHM (FFMx)<br>[PROPOSED] CONSENT DECREE PURSUANT TO STIPULATION |

The Court, having read and considered the Joint Stipulation for Permanent Injunction that has been executed by Plaintiffs Nike, Inc. ("Nike") and Deckers Outdoor Corporation ("Deckers") (collectively "Plaintiffs") and Defendant Vincent Lowery a/k/a Vance Lowery, an individual and d/b/a Gear Is Here ("Defendant") in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2) Service of process was properly made on Defendant.

3) Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4) Deckers owns or controls the pertinent rights in and to the trademarks attached hereto as Exhibits "B" and "C" and incorporated herein by this reference (The trademarks identified in Exhibits "B" and "C" are collectively referred to herein as the "Deckers Trademarks").

5) The Nike Trademarks and the Deckers Trademarks are collectively referred to herein as the "Plaintiffs' Trademarks."

6) Plaintiffs allege Defendant has made unauthorized uses of the Plaintiffs' Trademarks or substantially similar likenesses or colorable imitations thereof.

7) Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

a) Infringing the Plaintiffs' Trademarks, either directly or contributorily, in any manner, by:

i) Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Plaintiffs' Trademarks ("Unauthorized Products");

ii) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional

materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Plaintiffs' Trademarks;

iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with either Plaintiff Nike or Deckers, is sponsored, approved or licensed by either Plaintiff Nike or Deckers, or is affiliated with Plaintiff Nike or Deckers;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff Nike or Deckers.

8) Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

9) Except for the allegations contained herein, the claim alleged in the Complaint against Defendant Lowery, only, by Plaintiffs is dismissed with prejudice.

10) This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

11) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: 2/4/2010

Hon. A. Howard Matz
United States District Judge

PRESENTED BY:
J. Andrew Coombs, A P. C.

By: /s/ Annie S. Wang
J. Andrew Coombs
Annie S. Wang
Attorneys for Plaintiffs Nike, Inc. and Deckers Outdoor Corporation

Vincent Lowery a/k/a Vance Lowery, an individual and d/b/a Gear Is Here

By:
Vincent Lowery
Defendant, *in pro se*

**EXHIBIT A**

Nike Registrations

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |

| | | |
|---|---|---|
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

# EXHIBIT B

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 3,050,925**
**Registered Jan. 24, 2006**

**United States Patent and Trademark Office**

**TRADEMARK**
**PRINCIPAL REGISTER**

# UGG

DECKERS OUTDOOR CORPORATION (DELAWARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS, SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY, COATS, JACKETS, PONCHOS; WOMEN'S CLOTHING, NAMELY, SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTORNEY

# EXHIBIT C

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 2,314,853**

**United States Patent and Trademark Office** **Registered Feb. 1, 2000**

**TRADEMARK**
**PRINCIPAL REGISTER**



WELLS FARGO BANK, N.A. (CALIFORNIA NATIONAL BANKING ASSOCIATION)
495-A S. FAIRVIEW
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLDINGS, INC. (CALIFORNIA CORPORATION) GOLETA, CA 93117

FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.

SN 75-249,238, FILED 2-28-1997.

GEORGE LORENZO, EXAMINING ATTORNEY