J. Andrew Coombs (SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile:  (818) 500-3201

Attorneys for Plaintiffs Deckers Outdoor
Corporation and Nike, Inc.

Vincent Lowery
29904 Euclid Avenue, Unit 4A
Wickliffe, Ohio  44092
Telephone: (216) 924-0072

Defendant, *in pro se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Deckers Outdoor Corporation and Nike, Inc., | Case No. CV09-6471 AHM (FFMx) |
|---|---|
| Plaintiffs, | CONSENT DECREE PURSUANT TO STIPULATION |
| v. | |
| Dan Stelzer, an individual and d/b/a www.world-web-shoes.com; Ron Sagi, an individual and d/b/a Maxx Apparel; Vincent Lowery a/k/a Vance Lowery, an individual and d/b/a Gear Is Here; Aaron Kay, an individual and d/b/a AK Industries and Does 1 – 10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation for Permanent Injunction that has been executed by Plaintiffs Nike, Inc. ("Nike") and Deckers Outdoor Corporation ("Deckers") (collectively "Plaintiffs") and Defendant Vincent Lowery a/k/a Vance Lowery, an individual and d/b/a Gear Is Here ("Defendant") in this action:

GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this Permanent Injunction shall be and is hereby entered in the within action as follows:

1)     This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2)     Service of process was properly made on Defendant.

3)     Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4)     Deckers owns or controls the pertinent rights in and to the trademarks attached hereto as Exhibits "B" and "C" and incorporated herein by this reference (The trademarks identified in Exhibits "B" and "C" are collectively referred to herein as the "Deckers Trademarks").

5)     The Nike Trademarks and the Deckers Trademarks are collectively referred to herein as the "Plaintiffs' Trademarks."

6)     Plaintiffs allege Defendant has made unauthorized uses of the Plaintiffs' Trademarks or substantially similar likenesses or colorable imitations thereof.

7)     Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

    a)     Infringing the Plaintiffs' Trademarks, either directly or contributorily, in any manner, by:

        i)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Plaintiffs' Trademarks ("Unauthorized Products");

        ii)     Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional

materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Plaintiffs' Trademarks;

iii)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with either Plaintiff Nike or Deckers, is sponsored, approved or licensed by either Plaintiff Nike or Deckers, or is affiliated with Plaintiff Nike or Deckers;

iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff Nike or Deckers.

8)    Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

9)    Except for the allegations contained herein, the claim alleged in the Complaint against Defendant Lowery, only, by Plaintiffs is dismissed with prejudice.

10)    This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

11)    The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9)    The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)    The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)    This Court shall retain jurisdiction over Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:  February 09, 2010

_____
                              Hon. A. Howard Matz
                              United States District Judge