1   J. Andrew Coombs (SBN 123881)
    *andy@coombspc.com*
2   Annie S. Wang (SBN 243027)
    *annie@coombspc.com*
3   J. Andrew Coombs, A P. C.
    517 E. Wilson Ave., Suite 202
4   Glendale, California 91206
    Telephone:  (818) 500-3200
5   Facsimile:   (818) 500-3201

6   Attorneys for Plaintiffs Deckers Outdoor
    Corporation and Nike, Inc.
7
    Aaron Kay, an individual and
8   d/b/a AK Industries
    1320 Jefferson Ave.
9   Indianapolis, IN 46201
    Telephone: (317) 403-5743
10
    Defendant, *in pro se*
11
                   UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13

14   Deckers Outdoor Corporation and Nike,   )   Case No. CV09-6471 AHM (FFMx)
     Inc.,                                    )
15                                            )   CONSENT DECREE PURSUANT TO
                              Plaintiffs,     )   STIPULATION
16                                            )
                                              )
           v.                                 )
17                                            )
     Dan Stelzer, an individual and d/b/a     )
18   www.world-web-shoes.com; Ron Sagi,       )
     an individual and d/b/a Maxx Apparel;    )
19   Vincent Lowery a/k/a Vance Lowery, an    )
     individual and d/b/a Gear Is Here; Aaron )
20   Kay, an individual and d/b/a AK          )
     Industries and Does 1 – 10, inclusive,   )
21                                            )
                              Defendants.     )
22

23          The Court, having read and considered the Joint Stipulation for Permanent

24   Injunction that has been executed by Plaintiffs Nike, Inc. ("Nike") and Deckers

25   Outdoor Corporation ("Deckers") (collectively "Plaintiffs") and Defendant Aaron

26   Kay, an individual and d/b/a AK Industries ("Defendant") in this action:

27          GOOD CAUSE APPEARING THEREFORE, THE COURT ORDERS that this

28   Permanent Injunction shall be and is hereby entered in the within action as follows:

     Nike/Deckers v. Stelzer, et al.: Proposed Consent Decree (Kay)      - 1 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1)      This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., as well as 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

2)      Service of process was properly made on Defendant.

3)      Nike owns or controls the pertinent rights in and to the trademarks listed in Exhibit "A" attached hereto and incorporated herein by this reference (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks").

4)      Deckers owns or controls the pertinent rights in and to the trademarks attached hereto as Exhibits "B" and "C" and incorporated herein by this reference (The trademarks identified in Exhibits "B" and "C" are collectively referred to herein as the "Deckers Trademarks").

5)      The Nike Trademarks and the Deckers Trademarks are collectively referred to herein as the "Plaintiffs' Trademarks."

6)      Defendant has made unauthorized uses of the Plaintiffs' Trademarks or substantially similar likenesses or colorable imitations thereof.

7)      Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the Injunction are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from:

a)      Infringing the Plaintiffs' Trademarks, either directly or contributorily, in any manner, by:

i)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale any unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of the Plaintiffs' Trademarks ("Unauthorized Products");

ii)      Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional

materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of  or bear a confusing similarity to any of the Plaintiffs' Trademarks;

iii)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe, the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with either Plaintiff Nike or Deckers, is sponsored, approved or licensed by either Plaintiff Nike or Deckers, or is affiliated with Plaintiff Nike or Deckers;

iv)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff Nike or Deckers.

8)    Defendant is ordered to deliver for destruction all Unauthorized Products, including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles and advertisements relating thereto in their possession or under their control bearing any of the Plaintiffs' Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices and other means of making the same.

9)    Except for the allegations contained herein, the claim alleged in the Complaint against Defendant Aaron Kay, an individual and d/b/a AK Industries, only, by Plaintiffs is dismissed with prejudice.

10)    This Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

Nike/Deckers v. Stelzer, et al.:  Proposed Consent Decree (Kay)      - 3 -

11)     The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

9)     The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10)     The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation, and requesting entry of judgment against Defendant, be reopened should Defendant default under the terms of the Settlement Agreement.

11)     This Court shall retain jurisdiction over Defendant for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof, and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED:  February 09, 2010

_____
                                        Hon. A. Howard Matz
                                        United States District Judge

PRESENTED BY:
J. Andrew Coombs, A P. C.

By: _____
        J. Andrew Coombs
        Annie S. Wang
Attorneys for Plaintiffs Nike, Inc. and
Deckers Outdoor Corporation

Aaron Kay, an individual and d/b/a AK Industries

By: _____

1

Aaron Kay
Defendant, *in pro se*

2

3

## EXHIBIT A

4

Nike Registrations

5

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |
| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B
UGG U.S. Registration No. 3,050,925

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**
Reg. No. 3,050,925
Registered Jan. 24, 2006

**TRADEMARK**
**PRINCIPAL REGISTER**

# UGG

DECKERS OUTDOOR CORPORATION (DELA-
WARE CORPORATION)
495-A SOUTH FAIRVIEW AVENUE
GOLETA, CA 93117

FOR: MEN'S, WOMEN'S AND CHILDREN'S
FOOTWEAR, NAMELY, BOOTS, SHOES, CLOGS,
SLIPPERS; MEN'S, WOMEN'S AND CHILDREN'S
CLOTHING, NAMELY, COATS, JACKETS,
PONCHOS; WOMEN'S CLOTHING, NAMELY,
SKIRTS, MUFFS; CHILDREN'S BUNTINGS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-28-1979; IN COMMERCE 12-28-1979.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-976,129, FILED 1-21-2005.

BARBARA A. LOUGHRAN, EXAMINING ATTOR-
NEY

1

# EXHIBIT C

2

3

## Sun Logo U.S. Registration No. 2,314,853

4

5

6

7

**Int. Cl.: 25**

8

**Prior U.S. Cls.: 22 and 39**                                 **Reg. No. 2,314,853**

9

**United States Patent and Trademark Office**     Registered Feb. 1, 2000

10

**TRADEMARK**
**PRINCIPAL REGISTER**

11

12

13

14

15

WELLS FARGO BANK, N.A. (CALIFORNIA NA-          FOR: FOOTWEAR, IN CLASS 25 (U.S. CLS. 22
TIONAL BANKING ASSOCIATION)                     AND 39).

16

495-A S. FAIRVIEW                                   FIRST USE 10-0-1996; IN COMMERCE 3-0-1997.
GOLETA, CA 93117 BY ASSIGNMENT UGG HOLD-
INGS, INC. (CALIFORNIA CORPORATION)             SN 75-249,238, FILED 2-28-1997.

17

GOLETA, CA 93117
GEORGE LORENZO, EXAMINING ATTORNEY

18

19

20

21

22

23

24

25

26

27

28

Nike/Deckers v. Stelzer, et al.:  Proposed Consent Decree (Kay)          - 8 -